UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALFONSO BECKERT,

                      Plaintiff,

-against-

RONI RUBINOV, ALEX RUBINOV and NEW LIBERTY PAWN SHOP INC.,

                      Defendants.

---

Civil Action No.

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, Alfonso Beckert, by his attorneys, Slater Slater Schulman LLP, complaining of Defendants, respectfully alleges, upon information and belief, the following:

## NATURE OF THE ACTION

1. Plaintiff Alfonso Beckert (hereinafter referred to as "Plaintiff") was previously employed by Defendants to work for Defendants' pawn shop known as "New Liberty Pawn Shop", in the County of New York, State of New York.

2. Plaintiff's job duties included wearing signs advertising Defendants' business and handing out flyers to pedestrians.

3. Plaintiff brings this action against Defendants for payment of substandard wages of $1.67 per hour in violation of the minimum wage requirements of the Federal Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), for refusal to pay overtime wages at one and one-half (1 ½) times the regular hourly rate while requiring Plaintiff to work forty-five (45) hours or more per week, for failure to provide wage payment statements as required by the NYLL, and for substantial unlawful deductions from Plaintiff's wages in violation of the NYLL.

## PARTIES

4. At all relevant times, Plaintiff Alfonso Beckert was and still is a resident of the County of Queens, State of New York.

5. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Laws § 160 *et seq.* ("NYLL").

6. At all relevant times, Defendant Roni Rubinov was and still is a resident of the State of New York.

7. At all relevant times, Defendant Roni Rubinov was and still is the owner and/or operator of the pawn shop commonly known as "New Liberty Pawn Shop".

8. At all relevant times, Defendant Alex Rubinov was and still is a resident of the State of New York.

9. At all relevant times, Defendant Alex Rubinov was and still is the owner and/or operator of the pawn shop commonly known as "New Liberty Pawn Shop".

10. At all relevant times, Defendant New Liberty Pawn Shop Inc. was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York.

11. At all relevant times, Defendant New Liberty Pawn Shop Inc. has a principal place of business at 67 West 47th Street, New York, New York 10036.

12. At all relevant times, Defendant New Liberty Pawn Shop Inc. was and still is operating as and/or doing business as "New Liberty Pawn Shop".

13. At all relevant times, New Liberty Pawn Shop Inc. was and still is the owner and/or operator of the pawn shop commonly known and referred to as "New Liberty Pawn Shop".

14. At all relevant times, New Liberty Pawn Shop was and still is operating at premises commonly known as 67 West 47th Street, New York, New York 10036.

15. Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed the Plaintiff.

## JURISDICTION AND VENUE

16. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

17. This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

18. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## FACTS

19. Plaintiff was hired by Defendants on or about January 1, 2012 at New Liberty Pawn Shop, located at 67 West 47th Street, New York, New York 10036.

20. Plaintiff was hired by Defendants to work as a sign holder.

21. Plaintiff's duties as a sign holder included, without limitation, holding signs and banners as well as handing out flyers advertising New Liberty Pawn Shop to potential customers.

22. Plaintiff was employed by the Defendants until on or about July 2, 2014.

23. At all relevant times, Defendant Roni Rubinov was and still is the owner and/or operator of New Liberty Pawn Shop.

24. At all relevant times, Defendant Roni Rubinov was and still is the responsible authority in charge of hiring and firing workers at New Liberty Pawn Shop.

25. At all relevant times, Defendant Roni Rubinov was and still is the responsible authority in charge of training workers at New Liberty Pawn Shop.

26. At all relevant times, Defendant Roni Rubinov was and still is the responsible authority in charge of supervising workers at New Liberty Pawn Shop.

27. At all relevant times, Defendant Roni Rubinov was and still is the responsible authority in charge of determining and/or establishing the rate of pay and method of payment for the workers at New Liberty Pawn Shop.

28. At all relevant times, Defendant Roni Rubinov was and still is the responsible authority in charge of determining and/or establishing work schedules, shifts and/or hours for the workers at New Liberty Pawn Shop.

29. At all relevant times, Defendant Roni Rubinov was and still is the responsible authority in charge of determining and/or establishing work duties, assignments and/or tasks for the workers at New Liberty Pawn Shop.

30. At all relevant times, Defendant Roni Rubinov was and still is the responsible authority in charge of reprimanding or disciplining workers for errors and/or misconduct at New Liberty Pawn Shop.

31. At all relevant times, Defendant Roni Rubinov was and still is the responsible authority in charge of promulgating and enforcing rules and regulations for the workers at New Liberty Pawn Shop.

32. At all relevant times, Defendant Roni Rubinov was and still is the responsible authority in charge of determining the terms and conditions of employment for the workers at New

Liberty Pawn Shop.

33. At all relevant times, Defendant Alex Rubinov was and still is the owner and/or operator of New Liberty Pawn Shop.

34. At all relevant times, Defendant Alex Rubinov was and still is the responsible authority in charge of hiring and firing workers at New Liberty Pawn Shop.

35. At all relevant times, Defendant Alex Rubinov was and still is the responsible authority in charge of training workers at New Liberty Pawn Shop.

36. At all relevant times, Defendant Alex Rubinov was and still is the responsible authority in charge of supervising workers at New Liberty Pawn Shop.

37. At all relevant times, Defendant Alex Rubinov was and still is the responsible authority in charge of determining and/or establishing the rate of pay and method of payment for the workers at New Liberty Pawn Shop.

38. At all relevant times, Defendant Alex Rubinov was and still is the responsible authority in charge of determining and/or establishing work schedules, shifts and/or hours for the workers at New Liberty Pawn Shop.

39. At all relevant times, Defendant Alex Rubinov was and still is the responsible authority in charge of determining and/or establishing work duties, assignments and/or tasks for the workers at New Liberty Pawn Shop.

40. At all relevant times, Defendant Alex Rubinov was and still is the responsible authority in charge of reprimanding or disciplining workers for errors and/or misconduct at New Liberty Pawn Shop.

41. At all relevant times, Defendant Alex Rubinov was and still is the responsible authority in charge of promulgating and enforcing rules and regulations for the workers at New

Liberty Pawn Shop.

42. At all relevant times, Defendant Alex Rubinov was and still is the responsible authority in charge of determining the terms and conditions of employment for the workers at New Liberty Pawn Shop.

43. At all relevant times, each of the Defendants maintained control, oversight and authority over the Plaintiff in his employment at New Liberty Pawn Shop.

### *Failure to Pay Minimum Wage and Overtime Wages*

44. For each and every week of his employment, Plaintiff's work schedule was 8:00 a.m. to 5:00 p.m., Monday through Friday.

45. Throughout his employment, Plaintiff was required to work an additional workday on Saturday, from 8:00 a.m. to 5:00 p.m., approximately two to three times per month.

46. For each and every week of his employment, Plaintiff worked at least forty-five (45) hours per week.

47. At all relevant times, for each week that Plaintiff was required to work an additional Saturday, Plaintiff worked at least fifty-four (54) hours per week for such weeks.

48. For each day Plaintiff worked, Plaintiff was paid $15.00 for the day irrespective of the number of hours worked.

49. For each and every Saturday Plaintiff worked during his employment, Plaintiff did not receive any wages at all.

50. For each and every week that Plaintiff worked for forty-five (45) hours per week, Plaintiff was paid approximately $1.67 per hour.

51. For each and every week that Plaintiff worked for fifty-four (54) hours per week, Plaintiff was paid approximately $1.39 per hour.

52. As a result of the substandard wages he received from Defendants, throughout his employment Plaintiff regularly had to ask strangers for money for food and for his train tickets to work.

53. At no time during his employment was Plaintiff provided with wage payment statements with each payment of wages.

54. The work performed by Plaintiff was non-exempt work, as that term is used and defined in the U.S. Department of Labor's (DOL) regulations promulgated under the FLSA and NYLL.

55. At no time during his employment was Plaintiff paid the required minimum wage, in violation of the FLSA and NYLL.

56. Plaintiff was and still is entitled to be paid at least one and one-half of his respective regular rates of pay for each hour in excess of forty (40) hours that he worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR 142-2.2.

57. For each and every week of his employment, Plaintiff worked in excess of forty (40) hours per workweek and was entitled to receive overtime wages.

58. For each and every week of his employment, Plaintiff was not paid one and one-half times his regular hourly work rate for any hours that he worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

59. At all relevant times, Plaintiff was entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions.

### *Lodging and Unlawful Deductions*

60. At the time of being hired on January 1, 2012, Defendants provided Plaintiff with a bedroom to reside in at the premises located at 112 82nd Avenue, Kew Gardens, New York 11415.

61. At all relevant times, Defendant Roni Rubinov was the owner and/or lessee of the aforementioned premises.

62. At all relevant times, Defendant Alex Rubinov was the owner and/or lessee of the aforementioned premises.

63. At all relevant times, the bedroom Defendants provided to Plaintiff was located in the basement of the aforementioned premises.

64. At all relevant times, a hair salon was operated in the basement of the aforementioned premises.

65. At all relevant times, the hours of operation of the hair salon was 9:00 a.m. to 5:00 p.m., Monday through Friday.

66. At all relevant times, the hours of operation of the hair salon on Saturday and Sundays was by appointment only.

67. During the hours of operation of the hair salon, Plaintiff was not permitted to leave his bedroom unless to leave the premises.

68. During the hours of operation of the hair salon, Plaintiff was not permitted to use the rest room for any purpose.

69. At the time of being hired, Plaintiff was advised that he would be paid $5.00 per hour.

70. Plaintiff was not advised at the time of being hired that he would have wages deducted from his pay for the room Defendants provided.

71. Upon receipt of his first cash payment of $15.00, Plaintiff was advised that $30.00 would be deducted from each payment reducing his daily payment of $45.00 to $15.00 per day.

72. At no time was it expressly authorized by Plaintiff in writing that Plaintiff's wages would be reduced for lodging as required by NYLL § 193.

73. At no time did Plaintiff orally agree and/or consent to having wages deducted for lodging.

74. At no time during his employment was Plaintiff provided with written notice of the terms and conditions for the payment of the bedroom and the details of the manner in which the deductions would be made.

75. At no time was Defendants reduction of Plaintiff's wages for lodging approved by the U.S. Department of Labor.

76. At no time was Defendants reduction of Plaintiff's wages for lodging approved by the New York Department of Labor.

77. At no time was it customary for the Defendants to provide lodging to employees.

78. At all relevant times, the lodging Defendants provided to Plaintiff was primarily for the Defendants benefit.

79. At all relevant times, Plaintiff was entitled to be paid all of his wages.

### AS AND FOR THE FIRST CAUSE OF ACTION
(*Minimum Wage Under the FLSA*)

80. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

81. At all relevant times, Defendants were subject to the minimum wage requirements set forth in the FLSA, 29 U.S.C. § 201 *et seq.*

82. At all relevant times, Plaintiff was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e).

83. At all relevant times, Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

84. At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

85. As the Defendants shared control of the services of the Plaintiff, Defendants are a single "employer" as defined by the Fair Labor Standards Act.

86. Subject to the statutory time limits, Defendants were required to pay Plaintiff at a rate of $7.25 per hour from January 1, 2012 through present pursuant to 29 U.S.C. § 206(a).

87. Defendants have violated 29 U.S.C. § 206(a) by failing to compensate Plaintiff the applicable minimum hourly wage.

88. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wage, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to 29 U.S.C. § 216.

89. Defendants willfully, knowingly and intentionally failed to compensate Plaintiff the required minimum wage.

90. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

91. Due to Defendants' intentional and willful failure to pay Plaintiff the applicable minimum wage, the Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE SECOND CAUSE OF ACTION
*(Minimum Wage Under the NYLL)*

92. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

93. At all relevant times, Plaintiff was an employee and Defendants were his employers within the meaning of NYLL §§ 190, 651 and 652.

94. At all relevant times, Defendants were subject to the minimum wage provisions of Article 19 of the NYLL.

95. Subject to the statutory time limits, Defendants were required to pay Plaintiff at least a minimum wage rate of (a) $7.25 per hour for all hours worked from January 1, 2012 through December 30, 2013; and (b) $8.00 per hour from December 31, 2013 through present, pursuant to NYLL § 652.

96. Defendants have violated NYLL § 652 by failing to compensate Plaintiff the applicable minimum hourly wage.

97. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wage, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to NYLL §§ 198 and 663.

98. Defendants willfully, knowingly and intentionally failed to compensate Plaintiff the required minimum wage.

99. Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

100. Due to Defendants' intentional and willful failure to pay Plaintiff the applicable minimum wage, Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL §§ 198 and 663.

### AS AND FOR THE THIRD CAUSE OF ACTION
*(Overtime Under the FLSA)*

101. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

102. At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*.

103. Defendants expected Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout his employment.

104. At no time have the Defendants paid Plaintiff a rate of one and one half times his hourly rate of pay for all of the hours he worked in excess of forty (40) hours per week.

105. Defendants willfully, knowingly and intentionally did not compensate Plaintiff for overtime at a rate of one and one half times his hourly rate of pay for all of the hours he worked in excess of forty (40) hours a week.

106. As a result of Defendants' violations of the law and failures to pay Plaintiff required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

107. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

12

## AS AND FOR THE FOURTH CAUSE OF ACTION
*(Overtime Under the NYLL)*

108. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

109. At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

110. Pursuant to NYLL § 650 *et seq.* and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

111. Defendants expected Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout his employment.

112. At no time have the Defendants paid Plaintiff a rate of one and one-half times his hourly rate of pay for all of the hours he worked in excess of forty (40) hours per week.

113. Defendants willfully, knowingly and intentionally did not compensate Plaintiff for overtime at a rate of one and one half times his hourly rate of pay for all of the hours he worked in excess of forty (40) hours per week.

114. As a result of Defendants' violations of the law and failures to pay Plaintiff required regular and overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR 142-2.2.

115. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL § 198.

## AS AND FOR THE FIFTH CAUSE OF ACTION
*(Unlawful Deductions Under the NYLL)*

116. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

117. For each and every week of his employment, Plaintiff had wages impermissibly and unlawfully deducted from his payments each week.

118. At no time during his employment did Plaintiff expressly authorize such deductions in writing as required by NYLL § 193.

119. At no time during his employment did Plaintiff receive written notice of the terms and conditions of the payment and/or its benefits and the details of the manner in which the deductions would be made.

120. At no time was the amount of such deductions reasonable.

121. Plaintiff was and still is entitled to be paid all of his earned wages.

122. Defendants' failure to pay Plaintiff his lawfully due wages was a willful violation of NYLL §§ 190, *et seq.*, and 650, *et seq.*, and 12 NYCRR § 142-2.4.

123. As a result of Defendants' violations of the law and failures to pay Plaintiff his required wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, together with all reasonable attorney fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR 142-2.2.

124. As Defendants did not have a good faith basis to believe that their deductions from the Plaintiff wages was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL § 198.

14

## AS AND FOR THE SIXTH CAUSE OF ACTION
*(Wage Payment Statements under the NYLL)*

125.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

126.    At all relevant times, Defendants failed to provide Plaintiff with the proper statements with every payment of wages, as required by NYLL § 195.

127.    As Defendants failed to provide Plaintiff with proper statements with every payment of wages as required by NYLL § 195, Plaintiffs are entitled to liquidated damages in the amount of $100.00 per week for every work week in which the violation occurred, up to a maximum of $2,500.00, together with all reasonable attorney fees and costs.

[Remainder of page intentionally left blank.]

**WHEREFORE**, Plaintiff seeks the following relief:

A. On the First Cause of Action on behalf of Plaintiff Defendants, for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B. On the Second Cause of Action on behalf of Plaintiff against Defendants, for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C. On the Third Cause of Action on behalf of Plaintiff against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. On the Fourth Cause of Action on behalf of Plaintiff against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E. On the Fifth Cause of Action on behalf of Plaintiff against Defendants, for all wages unlawfully deducted, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

F. On the Sixth Cause of Action on behalf of Plaintiff against Defendants for failing to provide proper statements with every payment of wages, liquidated damages in the amount of

$100.00 per week for every work week in which the violation occurred, up to a maximum of $2,500.00, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

G. Interest;

H. Costs and disbursements; and

I. Such other and further relief as is just and proper.

Dated: Melville, New York
February 20, 2015

Respectfully submitted,

By: /s/ Anthony R. Portesy
Anthony R. Portesy, Esq.
SLATER SLATER SCHULMAN LLP
Attorneys for Plaintiff
445 Broad Hollow Road, Suite 334
Melville, New York 11747
(631) 420-9300