UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALFONSO BECKERT,

                              Plaintiff,

          -v-

RONI RUBINOV, ALEX RUBINOV, NEW LIBERTY
PAWN SHOP INC.,

                             Defendants.
------------------------------------------------------------------X

15 Civ. 1951 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

      On October 19, 2015, the parties submitted to the Court an application for approval of a proposed Fair Labor Standards Act ("FLSA") settlement agreement in this matter. Dkt. 24, Ex. 1 (the "Agreement"). The Court declines to approve the Agreement for the following reasons.

      Under the FLSA, any employer that violates the requirement to pay minimum or overtime wages "shall be liable to the . . . employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). Rather, the parties must satisfy the Court that their agreement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15 Civ. 3068 (WHP), 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and

expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citing *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

Under the Agreement, defendants would pay plaintiff a sum of $29,557.97 within 90 days of the Court's approval of the settlement, and would pay plaintiff's attorneys, Slater Slater Schulman LLP ("Slater"), a sum of $15,442.03 within the same period.[1] Agreement at ¶ 2. In exchange, plaintiff would release defendants from any claims he may have against them, based upon any set of facts, "from the beginning of time to the date of execution of this Agreement." *Id.* ¶ 7(a). Among other provisions, the Agreement specifies that defendants deny any liability and unlawful conduct, requires plaintiff to keep "in strict confidence" any confidential or proprietary information belonging to defendants, and includes a mutual non-disparagement covenant. *Id.* ¶¶ 5, 10(b), 11.

The parties argue that the Court should approve the Agreement because it (1) "reflects a reasonable compromise of plaintiff's claims rather than a mere waiver of statutory rights"; (2)

---

[1] The Agreement is ambiguous as to the gross amount of the settlement, in that it initially represents that plaintiff is to receive $30,000 and Slater $15,000, *exclusive* of attorney's fees and costs in the amount of $663.05, which suggests that defendants would owe, in total, $45,663.05, *see* Agreement at ¶ 1, whereas the amounts specified in ¶ 2 of the Agreement appear to total only $45,000 and to reflect adjustments for "Plaintiff's share of the costs." *Id.* at ¶ 2(b)(i). Assuming that the gross settlement amount is $45,000, the Court is troubled by counsel's apparent intention to take a one-third fee of the gross settlement inclusive of costs, as opposed to taking a percentage of the recovery net of costs. *See Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *1 n.1 (S.D.N.Y. Aug. 31, 2015) (citing *In re Giant Interactive Grp., Inc. Sec. Litig.*, 279 F.R.D. 151, 166 (S.D.N.Y. 2011)). The Court directs the parties to address these concerns.

the settlement amount "is considerably close to the amount plaintiff would be entitled to receive were he to prevail at trial, given Defendants' likely defenses"; (3) the settlement is the product of "arm's length bargaining" between counsel for both parties following discovery efforts that helped the parties gather information about the strengths and weaknesses of their respective positions; (4) settlement will avoid the additional costs of litigation; and (5) "coercion is unlikely" because plaintiff no longer works for defendants; (6) plaintiff has not identified other similarly situated employees or an industry-wide practice; and (7) defendants have no history of FLSA non-compliance. Dkt. 24, at 2.

However, the parties have failed to provide the Court with enough information about the bona fides of the dispute to determine whether the settlement amount is fair and reasonable. To enable to the Court to examine the bona fides of the dispute, "[t]he employer should articulate the reasons for disputing the employee's right to a minimum wage or overtime, and the employee must articulate the reasons justifying his entitlement to the disputed wages." *Guareno v. Vincent Perito, Inc.*, No. 14 Civ. 1635 (WHP), 2014 WL 4953746, at *1 (S.D.N.Y. Sept. 26, 2014) (quoting *Mamani v. Licetti*, No. 13 Civ. 7002 (KMW) (JCF), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014)) (internal quotation marks omitted). The parties imply that defendants have possible defenses that may cause plaintiff to lose all or some of his claims, but do not specify what these defenses are.[2] Moreover, although the parties attest that the settlement amount is close to the amount that plaintiff would receive if he prevailed at trial, "the parties do not provide

---

[2] Defendants' answer suggests that "good faith" was going to be their primary defense, *see* Dkt. 8, at 7–8, but good faith is not a defense to minimum-wage or overtime liability under either the FLSA or New York Labor Law, except as to liquidated damages (which the Court may deny in its discretion if the employer shows good faith *and* "reasonable grounds" for believing it did not violate the law). *See* 29 U.S.C. § 260; *see also* N.Y. Labor Law §§ 198(1–a), 663(1); *Inclan v. New York Hospitality Grp., Inc.*, No. 12 Civ. 4498 (NRB), 2015 WL 1399599, at *11 (S.D.N.Y. Mar. 26, 2015) ("[C]ourts have not substantively distinguished the federal standard from the current state standard of good faith.").

the Court with each party's estimate of the number of hours worked or the applicable wage," or with any other information as to the amount plaintiff might be able to receive at trial. *Mamani*, 2014 WL 2971050, at *2; *see also Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *3 (S.D.N.Y. Apr. 27, 2015) (declining to approve the settlement where the parties did not provide the Court "with an estimate of the hours worked or the applicable wage at which [plaintiff] worked for defendants"); *Guareno*, 2014 WL 4953746, at *1 ("If the parties dispute the computation of wages owed, they must each provide an estimate of the number of hours worked and the applicable wage."). Therefore, the Court cannot approve the Agreement as fair and reasonable at this time.

The parties also request that the Court approve the Agreement's provision for attorneys' fees as fair and reasonable. As to FLSA settlements that include the payment of attorneys' fees, the "court . . . shall . . . allow a *reasonable* attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). "The Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined." *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d. 362, 366 (S.D.N.Y. 2013). "To aid a court in determining the reasonableness of proposed attorney's fees, counsel must submit evidence providing a factual basis for the award." *Wolinsky*, 900 F. Supp. 2d. at 336 (citing *Galvez v. Americlean Servs. Corp.*, 11 Civ. 1351 (JCC) (TCB), 2012 WL 1715689, at *3 (E.D. Va. May 15, 2012) (denying a motion to approve an FLSA settlement agreement, in part, because the parties "provided no declarations, invoices, or similar documentation that would allow the Court to perform a lodestar analysis and assess the reasonableness of counsel's hourly rate or the number of hours expended on the case")).

4

Here, however, plaintiff's counsel has submitted no such documentation. Rather, the parties argue that plaintiff's counsel is entitled to one-third of the gross settlement amount because "plaintiff's counsel's own compensation does not adversely affect the extent of the relief obtained by counsel on behalf of plaintiff." Dkt. 24, at 2. The Court is not persuaded that this is so. As noted above, plaintiff's effective award appears to be reduced, and Slater's effective award enhanced, by some cost-shifting arrangement of unknown origin. *See* Agreement ¶ 2(b). Moreover, courts in this District have consistently required the submission of documentation where plaintiffs' counsel have requested attorneys' fees. *See Lopez v. Nights of Cabiria, LLC*, No. 14 Civ. 1274 (LAK), 2015 WL 1455689, at *7 ("In this circuit, a proper fee request 'entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done.'") (quoting *Wolinsky*, 900 F. Supp. 2d at 336); *Mamani*, 2014 WL 2971050, at *3 (declining to approve parties' agreement to allocate 33% of the settlement amount to plaintiff's attorneys because the parties did "not provide the Court with any information to aid the Court in assessing the reasonableness of the fee award"). Even where some documentation has been submitted, this Court has not hesitated to reduce attorneys' fees where the requested amount was unreasonable. *See Trinidad v. Pret a Manger (USA) Ltd.*, No. 12 Civ. 6094 (PAE), 2014 WL 4670870, at *12 (S.D.N.Y. Sept. 19, 2014).

The Court therefore declines, at this time, to approve the Agreement or find it to be fair and reasonable. The parties may proceed in one of the three following ways:

1. The parties may file a revised agreement by November 6, 2015, that addresses the concerns expressed in this order. The parties also shall file a joint letter that (1) describes the bona fides of the dispute and identifies and explains the amount that plaintiff could receive if he prevails at trial, and (2) explains why the settlement

5

amount and the portion of the settlement allocated to attorneys' fees are fair and reasonable. Plaintiff's counsel also shall submit contemporaneous time records, and information regarding the hourly rate for all attorneys and support staff who have worked on this case; or

2. The parties may file a joint letter by November 6, 2015, indicating their intention to abandon the settlement and to continue litigating this matter. If they do so, the Court intends to lift the stay of discovery, see Dkt. 23, and to set a prompt date for the next conference in this case; or

3. The parties may stipulate to a dismissal of this case *without* prejudice, as such settlements do not require Court approval. See *Cheeks*, 796 F.3d at 201 n.2 (leaving for another day the question of whether district court or Department of Labor approval is required for dismissals without prejudice).

SO ORDERED.

                                                                                    Paul A. Engelmayer
                                                                                    Paul A. Engelmayer
                                                                                    United States District Judge

Dated: October 27, 2015
           New York, New York