UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

ALFONSO BECKERT,

                                  Plaintiff,

                -v-

RONI RUBINOV, ALEX RUBINOV, and NEW
LIBERTY PAWN SHOP INC.,

                                  Defendants.

------------------------------------------------------------------X

15 Civ. 1951 (PAE)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/14/15

PAUL A. ENGELMAYER, District Judge:

       On November 13, 2015, the parties submitted a second application for approval of a
proposed settlement agreement in this Fair Labor Standards Act ("FLSA") action. Dkt. 28. The
Court declined to approve the first application because the parties did not provide sufficient
information about the bona fides of the dispute or documentation supporting the requested
attorneys' fees. *See* Dkt. 25, *reported at Beckert v. Rubinov*, No. 15 Civ. 1951 (PAE), 2015 WL
6503832 (S.D.N.Y. Oct. 27, 2015). Having reviewed the parties' present submission,[1] the Court
finds the proposed settlement fair and reasonable. The Court therefore approves the settlement,
with a very minor modification to the requested award of attorneys' fees and costs.

## I.    Background

       Plaintiff Alfonso Beckert brought minimum-wage, overtime, and other claims against
defendants arising from his employment at defendants' pawn shop. Dkt. 1. Under the
Agreement, Beckert is to receive a total of $29,557.97, while Beckert's counsel is to receive a

---

[1] The parties submitted a joint letter ("Letter"), Dkt. 28; the proposed settlement agreement
("Agreement"), *id.*, Ex. 1; and plaintiff's counsel's billing records ("Invoice"), *id.*, Ex. 2.

total of $15,442.03.  Agreement ¶ 2.  In exchange, Beckert will release defendants from liability for all claims "based upon or arising from the set of facts alleged in the Lawsuit." *Id.* ¶ 7(a).

The parties take starkly opposed positions as to the merits of this dispute.  Beckert alleges that he worked approximately 6,500 hours cumulatively for defendants as a sign holder; that he was paid $15 each day in cash; and that he was told that $30 had been deducted from his daily pay because he was provided with an apartment by defendants.  Letter at 2.  Defendants assert that Beckert worked for them for one week, not two-and-a-half years, and was paid $60 in cash each day. *Id.* at 3.

## II.     Discussion

### A.     Approval of the Settlement Agreement

Under the FLSA, any employer that violates the requirement to pay minimum or overtime wages "shall be liable to the . . . employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  Rather, the parties must satisfy the Court that their agreement is "fair and reasonable."  *Velasquez v. SAFI-G, Inc.*, No. 15 Civ. 3068 (WHP), 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015).

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the

settlement agreement is the product of arm's-length bargaining between experienced counsel';
and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332,
335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214 (BSJ), 2010 WL
3000028, at *1 (S.D.N.Y. July 23, 2010)).  Factors weighing against settlement approval
"include the following: (1) 'the presence of other employees situated similarly to the claimant';
(2) 'a likelihood that the claimant's circumstance will recur'; (3) 'a history of FLSA non-
compliance by the same employer or others in the same industry or geographic region'; and (4)
the desirability of 'a mature record' and 'a pointed determination of the governing factual or
legal issue to further the development of the law either in general or in an industry or in a
workplace.'" *Id.* (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244 (M.D. Fla.
2010)).

These factors support approval of the proposed settlement.  As to the range of possible
recovery, the amount Beckert would receive under the Agreement ($29,557.97) is a substantial
proportion of the maximum possible recovery he identifies ($114,700).  *See* Letter at 2.  Further,
Beckert could well receive, post-trial, much less than this maximum possible recovery: the jury
could find that Beckert received a housing credit that reduces his damages, or that he worked far
less than he claims.  *See id.* at 2–3.  The lack of documentation and "conflicting witness
support," as Beckert acknowledges, make the amount of post-trial recovery uncertain.  *Id.* at 3.
In light of these litigation risks, the decision to forgo the burden and expense of trial is
reasonable.  Further, the proposed settlement was reached after arm's-length negotiation between
experienced counsel and substantial discovery that no doubt informed the parties as to the
strengths and weaknesses of their positions.

None of the four factors that weigh against settlement approval appear to be present. In particular, the parties represent that no similarly situated employees have been identified and that there is no history of FLSA non-compliance. *See id.* at 6. And it seems unlikely that Beckert was unduly pressured to settle, as he no longer works for defendants. *Id.*; *see Cisneros v. Schnipper Rest. LLC*, No. 13 Civ. 6266 (JMF), 2014 WL 67235, at *1 (S.D.N.Y. Jan. 8, 2014) (concerns about coercion "not as relevant when the plaintiffs no longer work for the defendant").

Therefore, the Court finds the proposed settlement agreement fair and reasonable.

**B.     Approval of Attorneys' Fees and Costs**

The parties also seek $15,442.03 in attorneys' fees and costs for Beckert's counsel. This represents, according to the parties, "one third of the amount Defendants have offered in the Settlement [*i.e.* $45,000], plus a reimbursement of two-thirds of costs incurred." Letter at 4.

Although the Court ultimately concludes that a fee award very close to this figure is warranted, the Court is unpersuaded by counsels' claim that the requested amount is "considerably below the lodestar method," *i.e.*, the reasonable hours worked multiplied by reasonable hourly rates. *Id.* The Invoice reflects fees totaling $30,435, corresponding to 104.2 hours of work performed by Beckert's counsel. Invoice at 4. But, on the record at hand, the Court is unconvinced that this sum accurately reflects the true lodestar. Many billing entries are quite vague (*e.g.*, "TC [telephone call] with OC [opposing counsel"). *See Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *3 (S.D.N.Y. Aug. 31, 2015) (finding billing entry for "[r]eceiv[ing] and respond[ing] to email" vague and deducting it from the lodestar). Others are duplicative or confusing—for instance, the repeated editing and reviewing of the complaint following the billing entry (dated November 8, 2014) reporting completion of the final draft. *See* Invoice at 1–2.

4

On this record, it is not apparent that there was any need to spend more than 100 hours on this factually straightforward case. Notably, in a recent wage-and-hour case before the Court, which settled shortly before trial, counsel reported just 44.8 hours worked. *See Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15 Civ. 112 (PAE), 2015 WL 7736551, at *3 (S.D.N.Y. Nov. 30, 2015). Absent a clearer showing of the need for so many lawyer hours, the Court concludes that only half of the reported hours worked (*i.e.*, 52.1 hours, not 104.2) are properly considered part of counsel's lodestar. *See Gen. Elec. Capital Corp. v. Cutler*, No. 15 Civ. 4420 (PAE), 2015 WL 7444627, at *7 (S.D.N.Y. Nov. 23, 2015) (using Court's discretion to reduce fee award to reflect reasonable number of hours worked on such a case). Accordingly, the Court concludes, the lodestar in this case is $15,217.50, not $30,435.00. That said, this modified lodestar does not disentitle Beckert's counsel to the fees it requests. Indeed, the modified lodestar as calculated by Court is almost exactly what Beckert's counsel seeks.

The parties have calculated the sum requested ($15,442.03) by awarding counsel one-third of the gross settlement, and adding two-thirds of costs incurred. *See* Letter at 4. Barring unusual circumstances not present here, courts in this District have declined to award fees representing more than one-third of the total settlement, *id.*, and the Court finds an award of one-third of the total settlement merited here. It is the Court's view, however, that when awarding attorneys' fees on a percentage-of-the-fund basis, the appropriate denominator is the total settlement *net* of costs. *See Zhang*, 2015 WL 5122530, at *1 n.1 (citing *In re Giant Interactive Grp., Inc. Sec. Litig.*, 279 F.R.D. 151, 166 (S.D.N.Y. 2011)).

Therefore, the Court holds that the appropriate attorneys' fee award is one-third of $44,557.97, *i.e.*, $14,852.66. To this, the Court adds $442.03, representing two-thirds of costs

incurred, for a total award of $15,294.69.  The balance of the settlement amount, *i.e.*, $29,705.31, is to go to Beckert.

## CONCLUSION

For the foregoing reasons, the Court approves the $45,000 settlement.  Beckert's counsel is to receive $15,294.69, and the balance is to go to Beckert.  The action is hereby dismissed with prejudice, and the Clerk of Court is directed to close this case.


SO ORDERED.

Paul A. Engelmayer
United States District Judge


Dated: December 14, 2015
       New York, New York

6